USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 2/24/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANA N. ESCOFFIER,
PLAINTIFF,

(In the space above enter the full name(s) of the plaintiff(s).)

**SECOND AMENDED**

**COMPLAINT**

**-against-**

CITY OF NEW YORK
ET AL.,
DEFENDANTS,

Jury Trial: ☐ Yes ☐ No
(check one)

13 Civ. 3918 (__) (JAP)

PLEASE SEE ATTACHED PP 1-11

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

FEB 24 2014
PRO SE OFFICE

**I. Parties in this complaint:**

A. List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff Name __________
Street Address __________
County, City __________
State & Zip Code __________
Telephone Number __________

B. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1 Name __________
Street Address __________

County, City ____________________
State & Zip Code ____________________
Telephone Number ____________________

Defendant No. 2
Name ____________________
Street Address ____________________
County, City ____________________
State & Zip Code ____________________
Telephone Number ____________________

Defendant No. 3
Name ____________________
Street Address ____________________
County, City ____________________
State & Zip Code ____________________
Telephone Number ____________________

Defendant No. 4
Name ____________________
Street Address ____________________
County, City ____________________
State & Zip Code ____________________
Telephone Number ____________________

**II. Basis for Jurisdiction:** PLEASE SEE ATTACHED

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions ☐ Diversity of Citizenship

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? ____________________

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship ____________________
Defendant(s) state(s) of citizenship ____________________

**III. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? ______________________

B. What date and approximate time did the events giving rise to your claim(s) occur? ______________________

C. Facts: ______________________

What happened to you?

Who did what?

Was anyone else involved?

Who else saw what happened?

PLEASE SEE ATTACHED PP 1-11

## IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. ______________________

*Rev. 05/2010*

**V. Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. ______

PLEASE SEE ATTACHED pp. 1-11

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 19th day of FEB., 2014

Signature of Plaintiff [signature]

Mailing Address ______

Telephone Number ______

Fax Number *(if you have one)* ______

**Note:** All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of _________________, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: ______

Inmate Number ______

UNITED STATES DISTRICT COURT
SOUTHERN DSITRICT OF NEW YORK
______________________________X

DANA N. ESCOFFIER,

Plaintiff,

-against-

CITY OF NEW YORK,

**SECOND AMENDED COMLAINT**

13-CV-3918 ( LAP )

Jury Trial :Yes__No__ (?)

*Chief Campisi, Assistant Chief Thompson, Inspector Cokkinos, Officer Connolly, Officer Sanchez, Officer Hall, Officer Jenty, Officer Velardi, Officer Basnight, Officer Mendoza, Officer Marino, Officer Carra, Officer Ruhl Officer Severino, Officer Robertson, Det. Lt. Hellman, Officer Abbott, Officer Castillo, Officer/Det. Sabastian, Officer/Sgt. Calle, Officer Belger, Officer/Sgt Aynbinder, Officer Nugent, Officer/Sgt.Termine, Officer Martinez, Officer Andrews, Officer Brown, Officer Duffy, Officer/Det. Walsh, Officer/Det. Bernardes, Officer/Sgt. Balunas, Officer Alberici, Officer/Det. Wheeler, Officer Fusco, Officer/Det. Biondolilo, Officer Det./Sgt. Nilan, Officer Marte, Officer/Det. Davis, Officer/Sgt./Lt. Anderson, Officer Anollino, Officer/Capt. Spano, Officer/Det. Smithson, Officer/Det. Davis (IAB), Officer Baranski John Doe NYPD Police Officer,*

Defendants.
______________________________X

## I Parties in this Complaint

**A.** Plaintiff: Dana N. Escoffier
523 Hudson Street Apt.#4FS
New York County, New York
New York 10014
(212) 675-3836

**B.** Defendant : City of New York
1 Centre Street
New York County, New York
New York 10003
(212) 669-7318

## II **Basis for Jurisdiction**

**A.** Basis for Federal Court Jurisdiction is Federal Questions

**B.** Federal Constitutional statutory or treaty right at issue:

Plaintiff's Constitutional rights under the 1st, 4th and 14th Amendments;

1. Deprivation of life, liberty, or property...equal protection of the laws
2. Illegal search and seizure
3. Plaintiff's freedom of speech abridged
4. Illegal surveillance
5. Profiling

## III **Statement of Claim**

**A.** Events alleged occurred in New York City, County of New York, New York State

**B.** The dates and approximate time giving rise to plaintiff's claim occurred

August, 2010 through October, 2013

**C.** Facts:

1. City of New York, New York Police Department ( **"NYPD"** ) on dates August 13,

2012 through October 30, 2013;
Officers Hall about August 13, 2012,
Officer Jenty about August 13, 2012,
Officers Sanchez and Connolly about August 13, 2012 & November 4, 6, 2012
Officer Velardi about August 14, 2012
Officers Basnight and Officer Mendoza about August 21, 2012,
Officer Marino about October 11, 2012

Officer Carra about October 11, 2012
Officer Severino and Officer Robertson about October 11, 2012
Det./Lt. Hellman about October 15, 2012, November 9, 2012
Det. Sebastian about November 9, 2012
Officer Calle and Officer Walton about April 23, 2013
Officer Aynbinder, Officer Young, Officer Teddy

All of whom violated plaintiff's Constitutional rights, pursuant to 42 U.S.C. ss 1983, of free speech, right to be secure in plaintiff's person, home, papers and effects, and deprived plaintiff of life, liberty, property without due process of law and equal protection of the laws; in the City of New York, County of New York, New York. Plaintiff was denied equal protection of the law when seeking police assistance. Plaintiff, with appropriate documentation while seeking assistance, was refused assistance by NYPD agency after a "Break and Enter" of premises; Plaintiff was also refused right to make a police report of crime committed against property; plaintiff was refused assistance by agency of City of New York after threats were made upon plaintiff's life. Agents of City of New York, who failed to act on behalf of plaintiff, engaged malfeasance and caused great detriment to plaintiff and property which resulted in loss of all property that was under care and custody of plaintiff.

2. About May 12, 2011, City of New York, its agent NYPD, Officer/Det. Bernardes refused to take a complaint of assault which resulted in substantial physical injury to plaintiff. Officer/Det. Bernardes, who walked away from Plaintiff and asked plaintiff's female companion to accompany him, and as reported by plaintiff's companion to plaintiff, Officer/Det. Bernardes asked her, "Is he mentally OK? What's your relationship with him?" Officer Bernardes failed to take a report and investigate the

assault although another officer reported having seen the video of the perpetrator acting violently toward plaintiff and assaulting plaintiff violently.

3. City of New York, NYPD Department Internal Affairs Bureau (**"IAB")**, violated the plaintiffs' constitutional right of free speech, right to be secure in plaintiff's person, home, papers and effects, and deprived plaintiff of life, liberty, property denying plaintiff within its jurisdiction the right of equal protection of the laws on dates from August 2010 through December, 2013 in the City of New York, County of New York, New York State; City of New York agency IAB, Chief Campisi, Ass't Chief Thompson, about February, 20, 2012 through present day, have refused to investigate written complaint consisting of eight (8) pages, dated about February 20, 2012, detailing acts of malfeasance, slander, tortuous interference, discrimination and negligence and refusal by its municipal actors NYPD, within the purview of their authority to register valid complaints; plaintiff was denied equal protection of laws by said defendants acting under the color of law and as actors of the municipality of the City of New York. About August 24, 2013, Officer Smithson of NYPD IAB refused to investigate complaint made by plaintiff. About April 23, 2013, Officer Walsh was rude and uncooperative with plaintiff concerning plaintiff's complaint , refusing to take a complaint or investigate any concerns expressed by plaintiff about being denied equal protection of a criminal matter. NYPD Commissioner Ray Kelly refused plaintiff an audience and a response to plaintiff's written correspondence to him dated about July 12, 2012, regarding complaints forwarded to agency IAB. As municipal actors of City of New York, its agency NYPD,

which has been delegated a public function by the municipality, said agency denied plaintiff the right to have plaintiff's complaints taken and investigated, depriving plaintiff due process of law and equal treatment of the laws.

4. City of New York, NYPD agents Officers Marte, Anollino, Officer/Sgt. Anderson, about August 21, 2013 deprived plaintiff of life, liberty and property without due process of law. and equal protection of the laws. Said Officers of NYPD, responding to a "911" call of a burglary to plaintiff's home, denied plaintiff within its jurisdiction the equal protection of the laws. During said date (08/21/13), Officer Marte threatened plaintiff with physical harm as he prepared himself to assault plaintiff as he punched one fist into the other, acting in provocation toward plaintiff using aggressively charged words. Officer Marte engaged in unreasonable search and seizure of plaintiffs' home as he forced entry and engaged provocative statements toward plaintiff with the threat of an object in his hand. Plaintiff was not permitted to close his door which plaintiff had never exited through.

Plaintiff was deprived of property and effects as Officers Marte, Anollino and Anderson told perpetrator what he could say so as to not be arrested. Same Officers then, in an act of malfeasance and in tortuous interference gave the perpetrator items belonging to the plaintiff and told perpetrator to leave premises while plaintiff was being engaged by Officer Marte of NYPD. Officers, as actors for the City of New York municipality, with a delegated function, willfully engaged threats toward plaintiff and violated plaintiff's rights under Amendment IV of the Constitution of U.S.A. Agency officers denied plaintiff equal protection of the law, violating

plaintiff's 1st and 14th Amendment rights guaranteed by the Constitution and pursuant to under 42 U.S.C. ss 1983, plaintiff seeks justice.

5. Pursuant to Title VII and Americans Disability Act, defendant City of New York, its agents NYPD and IAB, City of New York NYPD Officers Duffy, Nugent, Alberici, Fusco, Brown, Balunas, Termine, Baranski and John/JaneDoe and Inspector Cokkinos, Spano and Officers/Detectives Hellman, Walsh, Wheeler, Bernardes Biondolilo, Nilan and Davis discriminated against the plaintiff, treating the plaintiff differently and with hostility and created an uncomfortable unwelcoming environment toward plaintiff; plaintiff was subjected to disparate treatment disability discrimination about January, 2010 through December, 2013. Plaintiff was treated differently, plaintiff was ridiculed, mimicked and treated with hostility in spite of NYPD agency being on notice of plaintiff's TBI; plaintiff was referred to as mentally unstable, crazy, and EDP (emotionally disturbed person). These slanderous comments were shared with members of the public by NYPD agency indiscriminately, particularized by NYPD agency after plaintiff made a legitimate complaint about a civilian who, after leaving the precinct, would repeat to plaintiff what slanderous remarks were made about plaintiff. Plaintiff witnessed such characterization about April, 2013 by Officer John Doe and Officer Jane Doe. Pursuant to Americans Disability Act; plaintiff was discriminated against based on plaintiff's disability. Plaintiff was treated with hostility and profiled as "mentally unstable". Through acts of hostility, slander, collusion and profiling, NYPD agent(s) of City of New York, the plaintiff was treated differently than the ordinary

course of courtesy, respect and professionalism. Defendant City of New York, through behaviors of its municipal agents as willful participants who, through joint activity with the municipality, by forethought, intent, and malice discriminated against the plaintiff who is disabled after having had suffered a traumatic brain injury ( "TBI" ). Defendant, acting under the color of state law, was personally involved in its acts of discrimination by violating plaintiff's civil rights and Constitutional rights. deprivation of free speech, depriving plaintiff of life, liberty and pursuit of happiness and equal protection of the laws within its jurisdiction of City of New York, County of New York in the state of New York.

Plaintiff would not be allowed to register legitimate complaints with City of New York NYPD agency; said agency would often not permit plaintiff to register a complaint for certain events that were within purview of municipal agent NYPD, of the complaints that were taken, complaints were either not investigated and/or not acted upon or discouraged or disregarded. About October 22. 2013, plaintiff received telephone call from Det. Wheeler who stated she calling about a complaint. Plaintiff asked about which complaint she was referring to. Det. Wheeler merely responded, “A complaint”. Plaintiff in stern tone asked which complaint again. Det. Wheeler stated, “I don’t have to appease you” and abruptly hung up the phone and breaching her performance duty. Plaintiff was ridiculed and was taunted as agents of City of New York spoke disparagingly to plaintiff and about plaintiff, plaintiff was ridiculed by agent(s) of City of New York as Officer 'John Doe' would twirl its finger at his temple as plaintiff spoke and gesticulated to fellow agents that plaintiff is

"crazy"; plaintiff was ridiculed and slandered as to plaintiffs' traumatic brain injury ( "TBI" ) that the defendant was on notice about; defendant made no accommodation for plaintiffs neurocognitive disorders and referred to plaintiff as "stupid, mentally ' off ', mentally unstable ". Officer John Doe, in disgruntled hostile tone of voice stated to Plaintiff, "You again! " when plaintiff appeared at precinct about April 12, 2013 and deliberately interfered with plaintiff's right to make a complaint with City of New York NYPD agency although the NYPD agency is the appropriate forum for civilian complaints of a criminal nature. NYPD and IAB, as agents of City of New York, acting under the color of state law and as state actors was repeatedly uncooperative, hostile and ridiculing toward plaintiff and diametrically opposite of NYPD's acronym "CPR" (courtesy, *professionalism and respect*).

6. City of New York agencies NYPD and IAB engaged malfeasance of duty, negligence and tortuous interference against plaintiff between the dates about June, 2012 through October, 2013 in the City of New York, County of New York, New York State, causing plaintiff to lose personal and family property; NYPD agency Officers of NYPD"S 32nd Precinct listed in caption engaged malfeasance and acted in collusion to the detriment of plaintiff. Plaintiff made a citizens arrest of perpetrator, but NYPD Officers did not arrest perpetrator. City of New York NYPD agency, through acts of malfeasance and negligence and tortuous interference, denied plaintiff equal protection under the law, NYPD agency did deny plaintiff right to be secure in his person and house; NYPD agency breached its duty by failure to arrest

individual who did unlawfully break and enter into premises of plaintiff and who did remove all of property from premises that totaled more than $250,000.00. NYPD was on notice of the break and enter and refused to act against the perpetrator; by act of malfeasance NYPD agency did cause plaintiff substantial loss. Plaintiff was denied equal protection of the laws. Agency NYPD Officers of the 32nd Precinct willfully participated in the joint activity of depriving the plaintiff of due process and equal protection of the laws.

7. City of New York NYPD agency, as individuals and as municipal agency, through acts of malfeasance, acted in collusion with a third party Time Equities, Inc/ Hudson Street Equities Group to have plaintiff arrested for acts not committed by plaintiff, but construed by NYPD and third party Time Equities Inc./Hudson Street Equities Group during the period August 2010 through October, 2013 in the City of New York, County of New York, New York State. During said time period, third party Time Equities, Inc. /Hudson Street Equities Group and its agents conspired with NYPD to provoke plaintiff to act criminally so as to provide an opportunity to arrest plaintiff to give good cause to pursue the plaintiff criminally and to effectuate removal of plaintiff from his residence. Plaintiff is entitled to relief because his civil liberties and Constitutional rights were violated pursuant to 28 U.S.C. ss 1331.

**IV INJURIES**

Plaintiff has suffered property loss of more than $250,000.00

Plaintiff has suffered loss of home, value of not less than $400,000.00

The plaintiff has suffered mental anguish and emotional distress

Plaintiff has suffered assault and battery requiring medical intervention

Plaintiff has lived in fear for safety from civilian threats and attacks.

The plaintiff suffered infliction of mental anguish and emotional distress and sought medical and psychological intervention.

The plaintiff has been victimized by a loss of estate property totaling more than $250,000.00 and loss of premises because of NYPD's malfeasance, negligence and tortuous interference and failure to act pursuant to being put on notice of criminal conduct that victimized the plaintiff.

**V. RELIEF**

Plaintiff is entitled to relief as a result of the City of New York, its agents acting under the color of law as municipal actors deprived plaintiffs' Constitutional right of life, liberty or property and denied plaintiff within its jurisdiction the equal protection of the laws. Pursuant to 28 U.S.C. ss 1331, plaintiff's Constitutional rights were abridged and violated that are guaranteed under the Constitution of the U.S.A.

Plaintiff seeks injunctive relief through the Court; that the City of New York, its NYPD agency faithfully engage practice of proper police procedure at all times; that NYPD cease and desist its harassment of plaintiff civilian and cease and desist its "preferred civilian treatment" of individuals it deems "preferable";

Plaintiff seeks to be made whole for all losses, financial and constitutionally.

The plaintiff seeks $10,000,000.00 in compensation for damages.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 19th day ~~of February~~, 2014

*Signature of Plaintiff* [signature]

*Mailing address* 523 Hudson St. #4FS
NEW YORK, NY 10014

*Telephone Number* 212 675 3836



Escoffier D.
523 Hudson St #4FS
NY NY 10014

UNITED STATES POSTAL SERVICE
1000
10007

U.S. POSTAGE
PAID
MOBILE,AL
36606
FEB 19,'14
AMOUNT
$1.61
00019913-09

FEB 24 2014
PRO SE

United States District Court
Southern District of New York
Daniel P Moynihan U.S. Courthouse
PRO-SE Office
500 Pearl Street Room 200
New York, NY 10007