UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANA N. ESCOFFIER,

                          Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                          Defendants.

13cv03918 (JPO) (DF)

**MEMORANDUM AND ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

       Currently before this Court is a motion by *pro se* plaintiff Dana N. Escoffier ("Plaintiff") for leave to file a Third Amended Complaint to add new claims and join a number of defendants, including a newly named "John Doe" defendant and a number of previously named defendants who had already successfully moved to dismiss the claims against them. For the reasons discussed below, it is hereby ORDERED that Plaintiff's motion to amend (Dkt. 119) is denied, except as to two claims, arising from alleged violations of the Americans with Disabilities Act ("ADA") that Plaintiff now seeks to raise, presumably pursuant to 42 U.S.C. § 1983, against previously dismissed defendant Officer/Sergeant Balunas ("Balunas"). Plaintiff's motion is liberally construed, in part, as a motion to amend and for joinder, under Rules 15(c) and 21 of the Federal Rules of Civil Procedure, and, in part, as a motion to supplement the pleadings pursuant to Rule 15(d), so as to add allegations regarding a plausibly actionable event similar in nature to those previously pleaded, but which happened after the date of Plaintiff's prior pleading. Plaintiff's motion is granted only to the extent that his Second Amended Complaint shall be deemed amended and supplemented so as (1) to re-join Balunas as a defendant, and (2) to add the particular allegations set out below, which, at this stage, this Court finds sufficient to plead plausible Section 1983 claims (predicated on ADA violations) against Balunas.

## BACKGROUND

By Opinion and Order dated February 11, 2016 (Dkt. 94), the Honorable J. Paul Oetken, U.S.D.J., largely granted Defendants' motion to dismiss Plaintiff's Second Amended Complaint, such that the only remaining claims were ones based on alleged violations of the ADA and the Fourth Amendment. Those remaining claims were limited to (1) a direct ADA claim against defendant the City of New York (the "City"), (2) claims predicated on ADA violations and asserted pursuant to Section 1983 against defendant Officer/Detective Bernardes and Officers John and Jane Doe, and (3) a Fourth Amendment claim against defendant Officer Marte. (*See id.*) Judge Oetken dismissed Plaintiff's various claims against all other named defendants. (*See id.*) Subsequently, on letter motion by Defendants' counsel (Dkt. 96), Judge Oetken also dismissed Plaintiff's claims against defendant Bernardes as time-barred (Dkt. 117). As a result, at this juncture, Plaintiff's claims survive only as against the City, Marte, and a John and Jane Doe.[1]

By way of his motion to amend, Plaintiff has now sought to re-join essentially all of the originally named defendants. Upon receiving his motion, though, this Court compared Plaintiff's proposed Third Amended Complaint[2] ("TAC" (Dkt. 119)) to his Second Amended

---

[1] By separate Report and Recommendation of this date, this Court is separately recommending that the claims against this John and Jane Doe now also be dismissed as time-barred. If this recommendation is adopted, then the only remaining defendants in the case, absent joinder (as addressed herein), would be the City and Marte. This Court also notes that, in a prior case-management conference, it expressed an understanding that Plaintiff's claims against the City had been dismissed by Judge Oetken's February 11, 2016 Order; upon further review of that Order, this Court concludes that its earlier understanding was incorrect. (*See* Dkt. 94, at 6-7 and n.1.) As the City has not yet answered or otherwise responded to Plaintiff's SAC, it is directed to respond to that pleading, as amended and supplemented, no later than three weeks from the date of this Memorandum and Order.

[2] As Plaintiff is proceeding *pro se*, and in light of Plaintiff's seeming difficulties in following the Court's instructions regarding the composition of a pleading (*see* Discussion, *infra*,

Complaint ("SAC" (Dkt. 11)) and found that, with very few exceptions, Plaintiff has proposed no new allegations that would address the pleading deficiencies identified in Judge Oetken's prior Orders. Thus, this Court held, both at a conference with the parties held on October 5, 2016, and in an Order memorializing the rulings made at that conference (Dkt. 125), that granting the proposed amendment would, for the most part, be futile.

More specifically, this Court informed the parties that, based on its initial review of the proposed amendment, it appeared that the amendment could potentially be viable only in two respects: first, so as to add a Section 1983 claim against a new "John Doe" officer, whose conduct Plaintiff described at page 14, paragraph 9 of the proposed TAC, and, second, so as to re-join Balunas as a defendant, on Section 1983 claims predicated on ADA violations alleged by Plaintiff at pages 9-10, paragraph 3, and pages 12-13, paragraph 6, of the proposed TAC.[3] This Court then requested and received supplemental submissions from the parties with respect to the adequacy of those particular allegations.[4] (*See* Dkts. 129, 133.)

---

at 13-14), Plaintiff's motion to amend is liberally construed, in part, to constitute his proposed amended pleading.

[3] Plaintiff also included a third allegation against Balunas, set forth at page 9, paragraph 2 of the TAC, which this Court determined would not survive a futility analysis.

[4] Liberally construed, Plaintiff's supplemental submission also asks this Court to reconsider its initial ruling that it would be futile to allow Plaintiff to reassert claims against all of the other defendants whom Plaintiff initially sued, and who were dismissed from the action by Judge Oetken. (Dkt. 129, at 2-3.) This Court has considered this request and finds it without merit.

**DISCUSSION**

I. **APPLICABLE LEGAL STANDARDS**

    A. **Amendment and Supplementation of Pleadings, and Joinder of Parties**

A motion to amend a pleading to add new claims is generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, but, to the extent a plaintiff seeks to join new parties (or to re-join parties who have previously been dismissed from an action), the motion is governed by Rule 21. *See Sly Magazine, LLC v. Weider Publ'ns L.L.C.*, 241 F.R.D. 527, 552 (S.D.N.Y. 2007) (stating that "Rule 21 of the Federal Rules of Civil Procedure governs proposed amendments seeking to add new defendants"). Where a plaintiff moves to add new allegations that pertain to events "that happened after the date of [his prior] pleading," the motion falls within the scope of Rule 15(d), which relates to the supplementation of pleadings. Fed. R. Civ. P. 15(d). A supplemental pleading may be permitted "even though the original pleading is defective in stating a claim or defense." *Id.*

Rule 15(a) provides that a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Both Rule 21 and Rule 15(d) similarly invoke principles of justice – with Rule 21 providing that "the court may at any time, on just terms, add or drop a party," Fed. R. Civ. P. 21, and Rule 15(d) providing that, as long as the requirements for supplementation are met, a court may allow a supplemental pleading "on just terms," Fed. R. Civ. P. 15(d). As a general matter, courts adhere to the same liberal standards in determining motions brought under any of these provisions. *See Sly Magazine*, 241 F.R.D. at 552 (in deciding Rule 21 motions, "courts adhere to the same standard of liberality afforded to motions to amend under Rule 15," such that "the leave sought" should ordinarily "be freely given" (internal quotation marks and citations omitted)); *Quaratino v. Tiffany & Co.*, 71 F.3d 58,

66 (2d Cir. 1995) (court should "freely permit[]" supplemental pleading "when the supplemental facts connect it to the original pleading" (citation omitted)).

A motion to amend or otherwise modify a pleading should be denied, however, "if there is an 'apparent or declared reason – such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of an amendment, [or] futility of amendment.'" *Dluhos v. Floating and Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Quaratino*, 71 F.3d at 66 (motion for leave to supplement a pleading "should be freely granted" in the absence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility").

### B. Futility

An amendment or supplement to a pleading is considered futile when the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Panther Partners Inc., v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012); *Growblox Scis., Inc. v. GCM Admin. Servs., LLC*, No. 14cv2280 (ER), 2016 WL 1718388, at *4 (S.D.N.Y. Apr. 29, 2016).[5]  Thus, when a proposed amendment or supplement is challenged as "futile," the Rule 12(b)(6) standards become relevant.  A case is subject to dismissal under Rule 12(b)(6) where the complaint is not legally sufficient to state a claim upon which relief can be granted.  *See Kopec v. Coughlin*, 922 F.2d 152, 155 (2d Cir. 1991).

---

[5] If Plaintiff does not have access to cases cited herein that are reported only on Westlaw or LexisNexis, he may request copies from Defendants' counsel.  *See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the *pro se* litigant with copies of [cases and other authorities that are unpublished or reported exclusively on computerized databases that are] cited in a decision of the Court and were not previously cited by any party").

In deciding a Rule 12(b)(6) motion, the Court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted); *accord Jaghory v. New York State Dep't of Ed.*, 131 F.3d 326, 329 (2d Cir. 1997). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006) (citation omitted). To survive a motion to dismiss, a complaint must "state[] a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 666).

"An amendment may also be futile if 'the claims the plaintiff [seeks] to add would be barred by the applicable statute of limitations.'" *Emilio v. Sprint Spectrum L.P.*, No. 11cv3041 (JPO), 2015 WL 5052551, at *3 (S.D.N.Y. Aug. 27, 2015) (quoting *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000)). Where a plaintiff seeks to amend his complaint with allegations that would otherwise be time-barred under the applicable statute of limitations, Rule 15(c), in relevant part, provides for relation back of the amendment to the date of a plaintiff's prior pleading, as long as "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see also, e.g.*, *White v. White Rose Food*, 128 F.3d 110, 116 (2d Cir. 1997) (noting that, "[p]rovided that the amended pleading is based on the same series of transactions and occurrences alleged in the original pleading," Rule 15(c)(1)(B) will allow "the

6

revised pleading [to] relate back to the original pleading"). In this context, the key question is "whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation" originally pleaded. *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal quotation marks and citation omitted). "Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Id.* (citation omitted).

## II. PLAINTIFF'S PROPOSED AMENDMENTS

As a preliminary matter, and for clarity, this Court begins its analysis of Plaintiff's motion to amend by confirming its earlier ruling that any attempt by Plaintiff to re-join most of the defendants previously dismissed from this action – including New York City Police Department ("NYPD") members Abbott, Alberici, Anderson, Aynbinder, Baranski, Basnight, Belger, Bernardes, Brown, Calle, Campisi, Carra, Castillo, Connolly, Davis, Fusco, Hall, Hellman, Jenty, Marino, Mendoza, Nilan, Robertson, Ruhl, Sabastian, Sanchez, Severino, Smithson, Thompson, Velardi, Walsh, and Wheeler – would be futile, as Plaintiff has not amplified his pleading with any new allegations that would remedy the deficiencies that led to the earlier dismissal. Further, as to a number of additional NYPD members listed by Plaintiff in the caption of his proposed TAC – specifically Bonner, Fitzpatrick, Hughes, Lopez, McFall, Milan, Singer, and Wubnig – Plaintiff's proposed new allegations do not plead these individuals' personal involvement in any claimed violations of law, and thus this Court finds that their joinder would also be futile. Accordingly, Plaintiff's motion to amend or for joinder is denied as to each of these proposed defendants, whether previously or newly named.

Plaintiff's proposed allegations against a new John Doe defendant and against previously named defendant Balunas are more developed, and are separately discussed below. As to each

of these potential defendants, it is this Court's understanding, based on the substance of Plaintiff's allegations and the reasoning of Judge Oetken's February 11, 2016 Opinion and Order, that Plaintiff's proposed claims should be construed as claims for violations of Title II of the ADA, which, while not directly actionable against individual officers, *see Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2000) (finding that Title II does not "provid[e] for individual capacity suits against state officials" (citations omitted)), may nonetheless be actionable under Section 1983 (*see* Dkt. 94, at 8 n.2 (noting the open question of "whether Plaintiff may bring individual capacity claims under § 1983 predicated on Title II violations")). In their earlier briefing, neither party addressed the viability of Section 1983 claims predicated on ADA violations, and thus Judge Oetken allowed Plaintiff to proceed with such Section 1983 claims against certain individual defendants. (*See id.*; *see also id.* at 10.) In keeping with Judge Oetken's prior decision (and as, once again, neither party has addressed the issue), this Court will assume that, in the absence of any other bar to his claims, Plaintiff may similarly be able to proceed on such claims against the newly named John Doe and Balunas.

      **A.**    **Proposed Claim Against New "John Doe" Officer**

In the proposed TAC, Plaintiff alleges that, on an unspecified date, a John Doe officer responded to a "911" call placed by Plaintiff regarding a noisy neighbor, and that, upon responding, the John Doe officer referred to Plaintiff as "mentally unstable," made certain gestures, and told the neighbor to "ignore [P]laintiff because of his mental problems." (TAC, at 14 ¶ 9.) During the October 5, 2016 case-management conference, Plaintiff indicated that he might possess documentation with respect to this incident, and the Court then directed him to attach such documentation to a supplemental letter, and also to provide his "best recollection or information regarding the date and time of the incident." (Dkt. 125, at 2.)

In his supplemental letter, dated October 12, 2016, Plaintiff does not identify the date or time of the incident described above; nor does he attach documentation.  Rather, Plaintiff now merely provides a physical description of the John Doe officer, and states:  "Dates alleged: Since about from mid-2010 through 2014," adding, without any explanation:  "[o]n or about October 18, 2013," "[o]n or about November 14, 2013," and "[o]n or about February 4, 2014." (Dkt. 129, at 2.)  Although Plaintiff's proposed TAC was filed in September 2016, such that each of the particular dates listed by Plaintiff would fall within the applicable three-year limitations period, *see Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013), this Court has no way to discern *whether the incident alleged in the proposed TAC fell on one of those dates*.  Rather, it is just as possible that the alleged events occurred as early as mid-2010, which would place them outside the limitations period.  Further, considering the number of times that the Court has given Plaintiff instruction as to what must be pleaded for a viable claim, this Court concludes that again directing Plaintiff to specify the date of the alleged incident would not likely be productive. Accordingly, in its discretion, this Court denies Plaintiff's motion, to the extent Plaintiff seeks to join this John Doe as a defendant, based on the alleged incident.

### B.  <u>New Allegations Against Former Defendant Balunas</u>

Plaintiff's proposed TAC includes the following allegations against Balunas (quoted here, without modification):

> On or about June 9, 2015, plaintiff inquired of an assault reported. Plaintiff was told to inquire 'tomorrow'.  Plaintiff telephoned Off. Balunas on or about June 10, 2015 to inquire of the status of an unprovoked assault.  Off. Balunas was combative and told plaintiff that plaintiff must be psycho because he 'always' gets assaulted.  Plaintiff stated there was a video of the assault. Plaintiff was told by Officer Balunas that he and 6th Precinct did not spend any time reviewing video surveillance about any complaints made.  Plaintiff inquired as to Off. Balunas' reason for refusal of service, Officer Balunas voluntarily stated to plaintiff,

9

> "*If you are suing, so what! I'm indemnified by the City*" and hung up the phone. This behavior was consistent with the demonstrated inappropriateness the plaintiff has experienced with defendant NYPD previously and continuously over time. Such conduct evidences a prejudice, bias and discrimination, particularly because it involves discriminatory remarks based on a disability. <u>However</u>, and as to video surveillance, on or about July 14, 2016, a senior citizen was strolling along 14th Street between 6th and 7th Avenues in Manhattan when the senior suffered an unprovoked assaulted upon his person and was seriously injured. The assaulter was a male accompanied by a "look out" female. This event was aired on the Evening News Broadcast (CBS, NBC, ABC). During broadcast of the evening news, July 14, 2016, the news reporter announced the perpetrators of this assault had been captured by way of <u>police viewing video surveillance cameras</u>. The <u>viewing was by Officers of the 6th Precinct</u> who later arrested the perpetrators of the assault. Officer Balunas was clearly biased when he stated '. . no time spent viewing video surveillance . .' This clearly exemplified denying the plaintiff the benefit of service, program and activity of a public entity. The NYPD-6th precinct had a legal duty to investigate an assault that caused physical harm to plaintiff."

(TAC, at 9-10 ¶ 3), and:

> On or about March 7, 2012, plaintiff visited 6th Precinct regarding a reported assault. Plaintiff spoke with Sgt. Balunas. Sgt. Balunas told plaintiff the perpetrator "would be arrested Friday". Sgt. Balunas went to another room. As plaintiff waited, plaintiff was able to observe and hear Sgt. Balunas referencing the plaintiff as 'crazy' while he spoke to another Officer, stating, ". . . yeah, that crazy one out there", referring to plaintiff who was waiting nearby and in earshot. No arrest was ever made for the assault, in spite Sgt. Balunas stating, "We'll make an arrest on Friday". Officer Balunas has tipped the scale when asking Precinct personnel, "Who's crazier, Escoffier or person 'X' (name withheld for privacy concerns)?"

(*id.*, at 12-13 ¶ 6).

With respect to these allegations, Defendants argue that, as a threshold matter, Plaintiff cannot proceed against Balunas because, "in cases for monetary damages, such as this one, '[i]t is well established that there is no individual liability under the ADA.'" (Dkt. 133, at 2 (quoting

10

*Nelson v. City of New York*, No. 11cv2732 (JPO), 2013 U.S. Dist. LEXIS 117742, at *47 (S.D.N.Y. Aug. 19, 2013)).  Even assuming, however, that Plaintiff is seeking monetary relief,[6] the Court has already noted that, at least at this juncture, any ADA-based claims that Plaintiff might wish to assert against Balunas may (if not otherwise barred) proceed as Section 1983 claims predicated on ADA violations.

As to Plaintiff's allegations regarding Balunas's purported conduct on or about June 10, 2015 (as quoted above), Defendants argue that Plaintiff has not plausibly alleged a claim for relief, in that Plaintiff has failed to "demonstrate (1) that [he] is a 'qualified individual' with a disability; (2) that [Balunas is] subject to the ADA; and (3) that [Plaintiff] was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant by reason of [his] disability." (*Id.*, at 2 (quoting *Williams v. City of New York*, 121 F. Supp. 3d 354, 364 (S.D.N.Y. 2015) (citation omitted)).)  In particular, Defendants contend that Plaintiff has not alleged that Balunas, as the result of bias, actually failed to investigate Plaintiff's report of an assault.  (*See id.*)  Rather, according to Defendants, "Plaintiff's allegations merely show that he disagreed with Officer Balunas'[s] statement [that the precinct does not review video]." (*Id.*)  According to Defendants, "Plaintiff's disagreement with NYPD's investigatory methods [does] not equate to a 'denial' of benefits or services under the ADA."  (*Id.*, at 2.)

At this still-early stage, Defendant's challenge to the adequacy of Plaintiff's factual allegations is unpersuasive.  (*See generally* Dkt. 94, at 6-8, 10.)  Read liberally, Plaintiff's allegation that, when faced with Plaintiff's inquiry regarding a reported assault, Balunas referred to Plaintiff as a "psycho because he 'always' gets assaulted" plausibly alleges that Plaintiff was

---

[6] The proposed TAC does not actually include an *ad damnum* clause.

11

"regarded as having an impairment." *Jones v. Target Corp.*, No. 15cv4672 (MKB), 2016 WL 50779, at *5 (S.D.N.Y. Jan. 4, 2016).  Further, liberally construed, Plaintiff's allegations that Balunas was "combative" and "hung up the phone" on Plaintiff in response to his queries plausibly state that Plaintiff was "denied the opportunity to . . . benefit from the defendant's services, . . . or was otherwise discriminated against by the defendant because of his disability." *Williams*, 121 F. Supp. 3d at 364.  Taken together, these allegations are sufficient to allow this particular claim to proceed (*see* Dkt. 94, at 6-8, 10 (declining to dismiss analogous claims)), by way of a supplement to Plaintiff's earlier pleading.

Defendants' challenge to Plaintiff's additional proposed claim, regarding conduct by Balunas that allegedly occurred earlier – "[o]n or about March 7, 2012" – is also unavailing.  As to this proposed claim, Defendants do not "address the merits of th[e] claim," but simply invoke the statute of limitations to contend that the claim is procedurally barred.  (Dkt. 133, at 2.)  Yet while the alleged conduct, in this instance, did purportedly occur more than three years before Plaintiff advanced the claim by way of his proposed amendment, the claim plausibly "relates back" to Plaintiff's previously asserted claims, such that, at this stage, this Court cannot reject it as untimely.

Specifically, in the SAC, which Plaintiff filed in February 2014 (*see* Dkt. 11), Plaintiff alleged that Balunas was one of many individual defendants who "treat[ed] [P]laintiff differently and with hostility and created an uncomfortable unwelcoming environment toward [P]laintiff[,] [subjecting] [P]laintiff . . . to disparate treatment disability discrimination [on or] about January, 2010 through December, 2013" (*id.*, at 6).  Plaintiff's new claim against this defendant thus appears to be "based on the same series of transactions and occurrences" alleged in the SAC.  *White*, 128 F.3d at 116.  Moreover, as Plaintiff's new allegations simply "render[] prior

allegations more definite and precise," *Slayton*, 460 F.3d at 228, a claim based on these new allegations may be said to relate back to Plaintiff's prior pleading under Federal Rule of Civil Procedure 15(c)(1)(B).

Finally, allowing a claim based on Balunas's alleged conduct in or about March 2012 would not otherwise be futile, as gauged by Judge Oetken's February 11, 2016 Opinion and Order. Although the Court rejected many of Plaintiff's claims as insufficiently pleaded (including Plaintiff's then-asserted claim against Balunas), the Court allowed Section 1983 claims to proceed against, *inter alia*, a John and Jane Doe defendant, where Plaintiff had alleged little more than that those individuals, in or about April of 2013, had made "slanderous remarks" about him. (*See* Dkt. 94, at 8, 10; SAC at 6.) Plaintiff's allegation here, in which he asserts that Balunas failed to act upon Plaintiff's report of an assault, while referring to Plaintiff as "crazy," offers a level of specificity that is at least equivalent to – if not greater than – the specificity that the Court found to be adequate to state claims against the John and Jane Doe defendants.

For all of these reasons, Plaintiff's motion to amend is granted, to the extent he seeks to re-join Balunas as a defendant, and to assert Section 1983 claims against Balunas based on his alleged conduct in or about both March 2012 and June 2015.

### III.     EFFECTUATING THE PERMITTED AMENDMENT

This Court notes that Plaintiff, proceeding *pro se*, has apparently experienced some difficulty in complying with the Court's instructions, with respect to his filings. For example, as discussed in this Court's separate Report and Recommendation of this date regarding the John and Jane Doe defendants identified in Plaintiff's SAC, Plaintiff, when instructed to prepare a letter describing these two particular individuals, filed a letter with the Court that instead listed 26 individuals, including several who had already been identified by name and who had

previously been dismissed from this action.  (*See* Dkt. 100.)  Of greatest pertinence here, Plaintiff has seemingly been unable to follow this Court's instructions with respect to the filing of a proposed amended pleading.  At a case-management conference on June 8, 2016, this Court specifically instructed Plaintiff as to the requirements for filing a motion for leave to amend, but, contrary to this Court's instructions, Plaintiff proceeded to file such a motion without attaching a proposed amended complaint.  (*See* Dkt. 110.)  At a follow-up case-management conference on August 16, 2016, this Court again explained the requirements, yet Plaintiff went on to file a "Proposed Motion for Leave to File a Third Amended Complaint," which again took the form of an omnibus motion and proposed amendment – with no separate proposed pleading.  (*See* Dkt. 119.)  Further, although this Court repeatedly instructed Plaintiff that, absent more detailed allegations, he could not seek to amend his pleading merely to add back dismissed defendants, Plaintiff has attempted to do exactly that.

Under these circumstances, this Court finds that now directing Plaintiff to file an amended pleading, consistent with the terms of this Order, would not be likely to produce an appropriate filing.  Accordingly, pursuant to this Court's inherent authority to manage litigation before it, it is hereby ORDERED as follows:

    1.    The SAC shall be deemed amended and supplemented, solely to rejoin Balunas as a defendant, and to include the allegations against him quoted *supra* at Section II(B) – *i.e.*, the block quotations regarding the alleged conduct of defendant Balunas on or about (a) June 10, 2015 (*see* TAC at 9-10, ¶ 3), and (b) March 7, 2012 (*see* TAC, at 12-13, ¶ 6) – which this Court construes as supporting Section 1983 claims

against Balunas, predicated on alleged violations of Title II of the ADA. Plaintiff need not file any further pleading to effectuate this amendment.[7]

        2.      Counsel for the City of New York is directed to inform this Court, no later than one week from the date of this Memorandum and Order, whether, given that Balunas was previously served with process and appeared in this action, service of the amended pleading will be waived. If service is not waived, then service on Balunas of (a) an amended summons, and (b) copies of the SAC, the TAC, and this Order shall constitute sufficient service.

        3.      Except for the above, Plaintiff's motion for leave to amend is denied.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to amend (Dkt. 119) is granted in part and denied in part, as set out herein. Further, in light of the amendment, and for the additional reasons stated in the parties' recent letters to the Court (Dkts. 137, 138), the deadline for the completion of all fact discovery in this action is extended to March 31, 2017.

---

[7] *See, e.g.*, *Washburn v. Sherry*, No. 3:15cv226, 2016 WL 777890, at *1 n.1 (D. Conn. Feb. 26, 2016) (where *pro se* plaintiff, instructed to cure failure to list all defendants in complaint caption, filed "document that list[ed] thirty defendants in the caption but include[d] no allegation in the body," the court "deem[ed] the amended complaint to include allegations contained in the original"); *cf. McClenic v. Shmettan*, No. 15cv705, 2016 WL 3920219, at *2 (E.D.N.Y. July 15, 2016) (deeming *pro se* plaintiff's "amended complaint to be supplemented by the factual allegations in his opposition"); *Jie Yin v. Niagara Frontier Transp. Auth.*, No 1:11cv780, 2016 WL 2977191, at *1 (W.D.N.Y. May 19, 2016) (court deemed *pro se* plaintiff's "Second Amended Complaint and Third Amended Complaint together as the operative pleading").

Consistent with this Memorandum and Order, the Clerk of Court is directed to close Dkts. 119 and 137 on the Docket of this action.

Dated: New York, New York
       January 4, 2017

                                      SO ORDERED

                                      _____
                                      DEBRA FREEMAN
                                      United States Magistrate Judge

Copies to:

Mr. Dana N. Escoffier
523 Hudson Street, #4FS
New York, NY 10014

Defendants' counsel (via ECF)